UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANGELINA M. ROGERS,

        Plaintiff,

v.

        Case No. 22-cv-1557-pp

PETER GENE HERNANDEZ
*a/k/a Bruno Mars*,

        Defendant.

---

**ORDER OVERRULING OBJECTION (DKT. NO. 9), ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 8) AND DISMISSING CASE**

---

        On December 15, 2022, the plaintiff, representing herself, filed suit against the defendant in the United States District Court for the Southern District of New York. Dkt. No. 1. The clerk of that court transferred the case to this district, where the clerk's office assigned the case to United States Magistrate Judge Stephen C. Dries. Dkt. No. 2. On January 30, 2023, Judge Dries issued a report in which he recommended that this court dismiss the case and that it deny as moot the plaintiff's request for leave to proceed without prepaying the filing fee. Dkt. No. 8. On February 6, 2023, the court received from the plaintiff an objection to the recommendation. Dkt. No. 9. The court overrules the plaintiff's objection, adopts Judge Dries's recommendation and dismisses the case.

**I.    Background**

    A.    <u>Complaint</u> (Dkt. No. 1)

        Although the plaintiff used a standard form provided by the Southern District of New York, the plaintiff's allegations are difficult to follow. In the case

1

caption and the section of the form asking the plaintiff to identify the citizenship of the parties, the plaintiff lists "Peter Gene Hernandez aka. Bruno Mars" as the defendant. Dkt. No. 1 at 1, 3. But in the "Defendant Information" section, the plaintiff names Roberto C. Guzman as the lone defendant. Id. at 4. She alleges that while residing in Hillside Terrance in Milwaukee, Wisconsin, she was raped and assaulted by "the individuals mentioned." Id. at 5. She also alleges that a series of rapes occurred at Aurora Behavioral Health in Wauwatosa, Wisconsin. Id. The plaintiff asserts that the defendant—either the individual listed in the caption or the individual identified in the defendant section of the complaint form—"inappropriately tampered with [her] lower to get an egg to use it for money." Id. at 6. The plaintiff goes on to allege that a woman raped her and others while she resided at Hillside Terrance, "because of racism and slavery," which caused her to contract illnesses. Id. The plaintiff appears to allege that around 2013, she contacted law enforcement about these allegations. Id. at 5. The complaint also includes allegations that "[a] lot of people were ordered by Osama Bin Laden" who "specifically targeted black women in Trafficking." Id. at 6.

The plaintiff says she is bringing her case under federal question jurisdiction and describes the following violations: "The Right to Life, The Right to subjected to torture and/or cruel. Serial Rapist/Sex trafficking: Violation of Civil Rights." Id. at 2. She asserts that she filed the complaint to retrieve money that was used for an egg donation, obtain a restraining order and "demand justice for careless acts of hate crimes and other associated criminals." Id. at 6.

    B.    <u>Report and Recommendation</u> (Dkt. No. 8)

On January 5, 2023, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 6. As required by 28 U.S.C. §1915,

2

Judge Dries screened the complaint and concluded that it should be dismissed as frivolous. Dkt. No. 8 at 3-4. Opining that the complaint was "difficult to understand from a grammatical perspective," Judge Dries interpreted the complaint as alleging that Peter Gene Hernandez, more commonly known by his stage name Bruno Mars, had stalked and repeatedly sexually assaulted the plaintiff while she was a patient at Aurora Behavioral Health. Id. at 2.

Judge Dries found the factual allegations of the complaint to be "clearly baseless." Id. at 3. Reasoning that there was no basis to believe the plaintiff had ever met Hernandez, Judge Dries concluded that it was "entirely implausible that Hernandez took [the plaintiff] to a behavioral health hospital, drugged her, and stole her eggs." Id. Judge Dries also noted that the plaintiff had failed to provide any information connecting the alleged accomplices with Hernandez and that she appeared to struggle to keep the factual allegations coherent, describing Guzman both as a participant in the alleged sex trafficking operation and a victim. Id. Judge Dries concluded by describing the claims as "fanciful, fantastic, and delusional." Id.

    C.    Objection (Dkt. No. 9)

On February 6, 2023, the court received from the plaintiff two handwritten letters objecting to the recommendation. Dkt. No. 9. In her first letter, the plaintiff refers to Hernandez as her "Uncle Bruno" and alleges that Hernandez has engaged in sexual activity that has ruined many relationships. Id. at 1. The plaintiff asserts that Hernandez has romantic feelings for her and that the two have a "dependent and codependent relationship." Id. The plaintiff says she would like to see Hernandez be a better person than he used to be and that she appreciates having him in her life at some point. Id. at 2. She also references "seductresses" who have allegedly "interfered with [her] career

3

success." Id. at 1. The plaintiff identifies an individual named Chloe Bailey, whom she alleges is associated with a civil case in Los Angeles concerning another individual, Darryl Gransberry. Id. at 2.

In her second letter, the plaintiff disputes Judge Dries' conclusion that her factual allegations are "clearly baseless." Id. at 3. The plaintiff's arguments are difficult to understand. She cites to "Denton v. Hernandez (1992)" and says that "when it's information as a misconseption, to promiscuous behavior of one's own perspective." Id. She contends that "[r]easonable doubt to exerpt any exceptions is under discretion by court" and that "[t]here's no erroneous legal conclusion to state dismissal of the case." Id. The plaintiff asserts that "the defendant spreaded [sic] diseases to other victims to assault." Id.

**II. Analysis**

    A.    Legal Standard

Rule 72(b)(1) allows a district court to refer a case to a magistrate judge, who then "conduct[s] the required proceedings" and "enter[s] a recommended disposition." Fed. R. Civ. P. 72(b)(1). A dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made"). The petitioner must specify "each issue for which review is sought," but need not specify "the factual or legal basis of the objection." Johnson v. Zema Sys. Corp., 170 F.3d 734, 741 (7th Cir. 1999). The district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Id. at 739. "If no objection or only partial objection is made, the district court judge reviews

those unobjected portions for clear error." Id. (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

B.   Analysis

Viewing the plaintiff's objections liberally, the court finds that the plaintiff has specifically objected to Judge Dries' determination that the plaintiff's allegations should be dismissed under §1915 as "clearly baseless." Applying a *de novo* review of the plaintiff's complaint, the court concludes that the facts in the complaint do not state claims for which a federal district court may grant relief.

Under §1915(e)(2)(B)(i), the court shall dismiss a claim if it determines that the complaint is "frivolous or malicious." A complaint if frivolous if "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). "A complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible." Weinschenk v. CIA, 818 F. App'x 557, 557 (7th Cir. 2020) (citing Felton v. City of Chi., 827 F.3d 632, 635 (7th Cir. 2016)). In Weinschenk, the plaintiff failed to provide a clear connection between the locations, dates, people and events alleged in the complaint. Id.

The plaintiff's allegations do not provide a clear connection between the locations, dates, people and events she describes. The complaint alleges that the plaintiff was raped and assaulted by "individuals mentioned" while she resided in Hillside Terrace, but does not explain when the alleged sexual misconduct occurred and does not clarify who the "individuals" are who

5

engaged in it. The complaint references sexual assault at Aurora Behavioral Health, but does not specify who committed the sexual assault and when the sexual assault occurred. At one point the complaint alleges that "Makenna" raped Roberto Guzman and the plaintiff in Hillside Terrace but does not explain when this occurred and whether this was a different event from the sexual assault first referenced in the complaint.

The complaint provides no facts to support the assertion that Hernandez "tampered with [the plaintiff's] lower to get an egg to use it for money" and no facts to support its allegations regarding human trafficking and the spread of sexual diseases.

The court also notes that the allegations in the complaint do not support the legal claims it asserts. The complaint references "The Right to Life," dkt. no. 1 at 2, but there are no allegations in the complaint that the plaintiff or anyone else was deprived of life (killed or murdered). The complaint references "The Right to subjected to torture and/or cruel." Id. The Eighth Amendment prohibits the *state* from subjecting someone to cruel and unusual punishment, but the complaint does not identify any state actors as defendants. The complaint references "Serial Rapist/Sex Trafficking." Id. Rape is a *state* offense, not a federal one, and both rape and sex trafficking are *criminal* offenses. Private citizens cannot sue for violations of criminal statutes; only the government may prosecute criminal violations. Finally, the complaint references "Violation Civil Rights," id., but does not identify which civil rights were violated or by whom and does not identify any government actors as defendants.

Although the court generally allows civil plaintiffs at least one opportunity to amend the complaint, the court need not do so where the

6

amendment would be futile. Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022). Because the complaint does not state claims for which this federal court may grant relief, amendment would be futile.

### III. Conclusion

The court **OVERRULES** the plaintiff's objection. Dkt. No. 9

The court **ADOPTS** the Magistrate Judge Dries's report and recommendation. Dkt. No. 8.

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 25th day of April, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**